**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Elizabeth Miller, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   13 C 1720 |
| National Enterprise Systems, Inc., d/b/a NES of Ohio, an Ohio corporation, Cavalry Portfolio Services, LLC, a Delaware limited liability company, and Cavalry SPV I, LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**CLASS ACTION COMPLAINT**

Plaintiff, Elizabeth Miller, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants reside and transact business here.

**PARTIES**

3.     Plaintiff, Elizabeth Miller ("Miller"), is a citizen of the State of Illinois,

residing in the Northern District of Illinois, from whom Defendants attempted to collect a delinquent consumer debt.

4.     Defendant, National Enterprise Systems, Inc., d/b/a NES of Ohio ("NES"), is an Ohio corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts.  NES operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in the State of Illinois. In fact, NES was acting as a debt collector as to the debt it attempted to collect from Ms. Miller.

5.     Defendant, Cavalry Portfolio Services, LLC ("Cavalry Portfolio"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  In fact, Defendant Cavalry Portfolio was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.     Defendant, Cavalry SPV I, LLC ("Cavalry SPV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  In fact, Defendant Cavalry was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7.     Defendants Cavalry Portfolio and Cavalry SPV are each authorized to conduct business in the State of Illinois and maintain registered agents within the State

of Illinois.  Although Defendant NES also conducts business in Illinois, it is no longer authorized to do so, <u>see</u>, records from the Illinois Secretary of State, attached as Group Exhibit <u>A</u>.  In fact, all Defendants conduct substantial business in Illinois.

8.     Defendants are each licensed as debt collection agencies in the State of Illinois, <u>see</u>, records from the Illinois Division of Professional Regulation, attached as Group Exhibit <u>B</u>.  In fact, all Defendants act as collection agencies in Illinois.

**FACTUAL ALLEGATIONS**

9.     Ms. Miller fell behind on paying her bills, including one she allegedly owed for a credit card that ended in account number "0613".  At some point in time after that debt became delinquent, Defendants began trying to collect that debt from her by sending her an initial form collection letter, dated March 12, 2012, which stated that NES's "Client" was "CAVARLY PORTFOLIO SERVICES, LLC", and that the "Original Creditor" was "Cavalry SPV I, LLC".   A copy of this March 12, 2012 collection letter is attached as Exhibit <u>C</u>.

10.     In fact, Cavalry SPV I, LLC, is not the original creditor of Plaintiff's account.  Moreover, no explanation was given as to any relationship between the various entities mentioned in the letter, nor why or how Cavalry Portfolio and/or Cavalry SPV were involved with the collection of the debt, or with each other, nor the identity of the current creditor to whom the debt was owed.  A copy of this letter is attached as Exhibit <u>C</u>.

11.     In fact, Plaintiff is informed through counsel that Cavalry SPV is a bad debt buyer and its related, sister company Cavalry Portfolio acts as the collection arm for the bad debts that it buys.  Neither of these Defendants was ever the "Original

Creditor".

12.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

13.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692g(a)(2)**
**Failure To Identify Effectively The Name Of The Creditor**
**To Whom The Debt Is Owed**

14.     Plaintiff adopts and realleges ¶¶ 1-13.

15.     Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to provide the consumer with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

16.     Defendants' letter to Plaintiff failed to state the name of the current creditor effectively because the letter twice states that "CAVALRY PORTFOLIO SERVICES, LLC" is the "client", however, it then goes on to state that the "Original Creditor" is Cavalry SPV I, LLC.  Without any explanation of what, if any, the relationship is between Cavalry Portfolio and Cavalry SPV, or between the "Original Creditor" and the "Client", a consumer would be confused as to whom the debt is owed.  Thus, Defendants have failed to state effectively "the name of the creditor to whom the debt is owed".  See, Braatz v. Leading Edge Recovery Solutions, LLC, et al., 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011); Walls v. United Collection Bureau, Inc, et al., 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012).

4

17.     Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692e Of the FDCPA**
**False Statement Of The Name Of The Creditor**

18.     Plaintiff adopts and realleges ¶¶ 1-13.

19.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, see 15 U.S.C. § 1692e(2)(A).

20.     Defendants, by stating that Cavalry SPV was the "Original Creditor", when, in fact, it was not, made a false statement, in connection with the collection of the debt, in violation of § 1692e of the FDCPA.

21.     Defendants' violation of § 1692e of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

22.     Plaintiff Miller brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendants attempted to collect a delinquent consumer debt, via the same form collection letter (Exhibit C), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

23.     Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff Miller, in their attempts to collect delinquent consumer

5

debts from other persons.

24.     The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts, by sending other consumers the same form collection letter they sent Plaintiff Miller.

25.     Plaintiff Miller's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

26.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

27.     Plaintiff Miller will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Miller has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Elizabeth Miller, individually and on behalf of all others similarly situated, prays that this Court:

1.      Certify this action as a class action;

2.      Appoint Plaintiff Miller as Class Representative of the Class, and her attorneys as Class Counsel;

3.      Find that Defendants' form collection letter violates the FDCPA;

4.      Enter judgment in favor of Plaintiff Miller and the Class, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Elizabeth Miller, individually and on behalf of all others similarly situated, demands trial by jury.

Elizabeth Miller, individually and on behalf of all others similarly situated,
By:/s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: March 6, 2013

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps       (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com