IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Elizabeth Miller, Susan Deschaine, and Brandi Poole, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　　v.<br><br>National Enterprise Systems, Inc., d/b/a NES of Ohio, an Ohio Corporation,<br><br>　　　　　　Defendant. | No. 13 C 1720<br><br>Judge Pallmeyer<br>Magistrate Judge Kim |

**JOINT MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

Plaintiffs, Elizabeth Miller, Susan Deschaine, and Brandi Poole, ("Plaintiffs"), by their attorneys, David J. Philipps, Mary E. Philipps and the law firm Philipps & Philipps, Ltd. and Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Francis R. Greene, and the law firm Edelman, Combs, Latturner and Goodwin, LLC, and Defendant National Enterprise Systems, Inc., d/b/a NES of Ohio, an Ohio Corporation ("Defendant"), by its attorneys, David M. Schultz and Justin M. Penn, and for their Joint Motion for Preliminary Approval of Class Action Settlement Agreement and Release state as follows:

1. Plaintiffs, individually and on behalf of a class, claim that a collection letter sent to them by Defendant violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") because it does not clearly disclose the identity of the creditor as required by § 1692g(a)(2).

2. Defendant denies Plaintiffs' claims, denies any liability to Plaintiffs or the proposed class, and denies any wrongdoing of any kind. Nonetheless, Defendant considers it desirable that this action and Plaintiffs' claims be settled.

1

3.  The parties desire to settle the action based upon the terms and conditions set forth in the Class Action Settlement Agreement and Release (the "Agreement") executed by the parties, attached hereto as Appendix 1.

4.  For settlement purposes only, the parties have stipulated to the certification of a class defined as follows:

> All persons similarly situated in Illinois, Indiana and Wisconsin from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Cavalry SPV I, LLC or Precision Recovery Analytics, Inc., via the same form collection letters (Exhibit A, B, and C to the Amended Class Action Complaint) that Defendant sent to Plaintiffs between October 18, 2011 and October 17, 2013.

Defendant has identified approximately 11,500 members of the Settlement Class as defined above.

5.  The class as defined meets all the requirements of Rule 23. Specifically:

    (a) Class members are ascertainable and so numerous that joinder of all members is impracticable;

    (b) There are questions of law or fact common to the Class, and there is a well-defined community of interest among Class members with respect to the subject matter of the Lawsuit;

    (c) The claims of Plaintiffs are typical of the claims of Class members;

    (d) Plaintiffs have fairly and adequately protected the interests of the Class members;

    (e) A class action is superior to other available methods for an efficient adjudication of this controversy; and

    (f) The law firms of Philipps & Philipps, Ltd. and Edelman, Combs, Latturner & Goodwin, LLC are qualified to serve as counsel for the Class.

6. Counsel for Plaintiffs and Defendant have reviewed and analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcome of one or more procedural and substantive appeals. Based on their review and analysis, Plaintiffs and Defendant entered into the Class Action Settlement Agreement and Release.

7. Defendant has agreed to pay $53,000 into a Settlement Fund to settle this matter. The Agreement provides that that sum will be disbursed as follows:

(a) <u>Relief to Plaintiffs</u> – Plaintiffs, Elizabeth Miller, Susan Deschaine, and Brandi Poole, will receive $1,000.00 each in settlement of their individual claims.

(b) <u>Relief to members of the Class</u> – Class Members shall receive a *pro rata* share of $50,000. The FDCPA allows class members to recover up to 1% of a debt collector's net worth (maximum of $500,000). 15 U.S.C. § 1692k. One percent of Defendant's net worth is approximately $29,000. Plaintiffs estimate that approximately 10-15% of Class Members will return claim forms and those class members will receive checks for approximately $29 to $43.

(c) <u>Attorneys' fees</u> – Subject to the Court approval, Class Counsel will receive $65,000 for attorneys' fees and costs. Defendant agrees not to object to the Court awarding this amount to Class Counsel.

(d) <u>Administration</u> – The cost of administering the settlement, including providing notice to the Class, shall be paid by Defendant separate and apart from the Settlement Fund.

9. The Agreement provides that notice will be sent to the class with 28 days of the entry of the Preliminary Approval Order (<u>Exhibit B</u> to the Agreement) and that Class Members will have 60 days thereafter to object to, or opt-out of, the proposed settlement. The Agreement

provides that Class Member settlement checks will become void 60 days after they are issued. Any money remaining in the Settlement Fund after the void date shall revert to Defendant for reimbursement of costs incurred in administering the settlement. In the event the amount remaining in the Settlement Fund exceeds the amount incurred by Defendant for administration costs, Class Counsel, at their discretion, shall either (i) ask the Court to order the balance to be paid as a *cy pres* award to a non-profit organization to be determined later or (ii) allow the balance to revert to Defendant. Defendant may, in its discretion, oppose any such requests.

11. Plaintiffs and counsel for Plaintiffs and the Class believe that the settlement of this action on the terms and conditions set forth in the Class Action Settlement Agreement & Release is fair, reasonable and adequate, and would be in the best interests of the members of the Class.

WHEREFORE, Plaintiffs, Elizabeth Miller, Susan Deschaine, and Brandi Poole and Defendant, National Enterprise Systems, Inc., d/b/a NES of Ohio, an Ohio Corporation ("Defendant") respectfully request that this Court enter an order in the form of <u>Exhibit B</u> to the Agreement which:

(i) Preliminarily approves the settlement;

(ii) Conditionally certifies for the purposes of settlement the Settlement Class;

(iii) Schedules a hearing for final approval of this Class Action Settlement Agreement and Release; and

(iv) Approves the form and manner of Class Notice as set forth in <u>Exhibit A</u> to the Agreement and finds that such notice satisfies the requirements of due process pursuant to Federal Rules of Civil Procedure 23, the United States Constitution and any other applicable law and finds that no further notice to the Settlement Class is required.

Respectfully Submitted,

| | |
|---|---|
| s/Francis R. Greene | s/Justin M. Penn |
| Counsel for Plaintiff | Counsel for Defendant |
| | |
| **EDELMAN COMBS LATTURNER & GOODWIN, LLC** | **HINSHAW & CULBERTSON, LLP** |
| Daniel Edelman | David M. Schultz |
| Cathleen M. Combs | Justin M. Penn |
| James O. Latturner | 222 N. LaSalle St. |
| Francis R. Greene | Suite 300 |
| 120 S. LaSalle Street, 18th Floor | Chicago, IL 60601 |
| Chicago, IL 60603 | (312) 704-3000 |
| (312) 739-4200 | |
| *Counsel for Plaintiffs and the Class Members* | *Counsel for Defendant* |

s/ David J. Philipps
**PHILIPPS & PHILIPPS, LTD**
David J. Philipps
Mary E. Philipps
9760 S. Roberts Road
Suite One
Palos Hills, IL 60465
*Counsel for Plaintiffs and the Class Members*

## **CERTIFICATE OF SERVICE**

I, Francis R. Greene, hereby certify that December 4, 2013, I caused to be filed the forgoing documents with the Clerk of the Court using the CM/ECF System, which will cause to be sent notification of such filing to the following parties:

David M. Schultz
dschultz@hinshawlaw.com

Justin M. Penn
jpenn@hinshawlaw.com

David J. Philipps
DavePhilipps@aol.com

                                                s/Francis R. Greene
                                                Francis R. Greene